IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

EXTER FINANCE, LLC,

    Plaintiff,

v.

SHAMAL A. CREIGHTON,

    Defendant.

CIVIL ACTION NO.: 4:22-cv-285

**O R D E R**

In this matter, Plaintiff Exter Finance, Inc. brings suit against Defendant Shamal A. Creighton seeking a declaratory judgment regarding the parties' rights and responsibilities under a Retail Installment Sale Contract (the "RISC") through which Defendant obtained financing to purchase a 2013 Honda Civic (the "Vehicle").  (Doc. 1.)

Before this Court will—or, indeed, could—take any action on Plaintiff's Complaint, Plaintiff must establish that this Court has subject-matter jurisdiction.  See, e.g., Williams v. Poarch Band of Creek Indians, 839 F.3d 1312, 1314 (11th Cir. 2016) ("The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." (internal citation and quotes omitted)); Herskowitz v. Reid, 187 F. App'x 911, 912-13 (11th Cir. 2006) ("[T]he district court, acting *sua sponte*, may address the issue of subject matter jurisdiction at any time . . . .").  It also appears that the subject matter jurisdiction must be established claim by claim, not based on the action as a whole.  See, e.g., United States ex rel. Boothe v. Sun Healthcare Grp., Inc., 496 F.3d 1169, 1176 (10th Cir. 2007) (Gorsuch, J.) ("[W]e hold that district courts should assess jurisdiction on a claim-by-claim basis . . .[,]" because "[t]his is . . . how federal courts traditionally

assess challenges to their jurisdiction under Fed. R. Civ. P. 12(b)(1).").

"Federal courts are courts of limited jurisdiction," Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), and Plaintiff bears the burden to establish jurisdiction. See Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); Beavers v. A.O. Smith Elec. Prods. Co., 265 F. App'x 772, 777 (11th Cir. 2008) ("The plaintiff[ ], as the party asserting diversity jurisdiction, [has] the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" (quoting Taylor v. Appelton, 30 F.3d 1365, 1367 (11th Cir. 1994))). The Court's jurisdiction can be established either because the complaint presents a federal question, 28 U.S.C. § 1331, or by the diversity of the parties, 28 U.S.C. § 1332. Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[1] When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint. Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 (1908)).

Here, it appears that Plaintiff asserts that jurisdiction arises under 28 U.S.C. § 2201, often referred to as the Declaratory Judgment Act. (Doc. 1, p 3.) However, the Declaratory Judgment Act does not provide an independent basis for jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 672 (1950) (holding that "the requirements of jurisdiction — the limited subject matters which alone Congress had authorized the District Courts to adjudicate — were not impliedly repealed or modified" by the Act); Patel v. Hamilton Medical Center, Inc., 967 F.3d 1190, 1194 (11th Cir. 2020) (a party seeking declaratory relief "must still assert 'an underlying

---

[1] It does not appear that Plaintiff seeks to rely upon diversity jurisdiction as the purchase price of the car and thus, the amount in controversy, falls well below the jurisdictional threshold.

ground for federal court jurisdiction.'") (quoting Household Bank v. JFS Group, 320 F.3d 1249, 1253 (11th Cir. 2003));  Borden v. Katzman, 881 F.2d 1035, 1037 (11th Cir. 1989) (holding that the Act "does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question").  Moreover, while Plaintiff cites the Servicemembers Civil Relief Act, 50 U.S.C. § 3901, in its Complaint, the United States Court of Appeals for the Eleventh Circuit has held:

> "[W]e do not look to the face of the declaratory judgment complaint in order to determine the presence of a federal question." Hudson Ins. Co. v. Am. Elec. Corp., 957 F.2d 826, 828 (11th Cir. 1992). Federal-question jurisdiction exists "over a declaratory judgment action if . . . a plaintiff's well-pleaded complaint alleges facts demonstrating the defendant could file a coercive action arising under federal law." Household Bank, 320 F.3d at 1259.
> [The plaintiff's] complaint does not establish that the [Defendant] could file a coercive action under federal law.  The Health Care Quality Improvement Act—the only federal law at issue—does not create a private right of action. See Bok v. Mut. Assurance, Inc., 119 F.3d 927, 929 (11th Cir. 1997).  It creates an affirmative defense from damages.  See Bryan v. James E. Holmes Reg'l Med. Ctr., 33 F.3d 1318, 1332–33 (11th Cir. 1994).  And a plaintiff cannot create federal-question jurisdiction by seeking a declaration that a federal defense does not protect the defendant.  See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 673–74 (1950) (refusing to "sanction suits for declaratory relief as within the jurisdiction of the District Courts merely because ... artful pleading anticipates a defense based on federal law"); [First Fed. Sav. & Loan Ass'n of Lake Worth v. Brown, 707 F.2d 1217, 1220 (11th Cir. 1983)] ("A case does not present a federal question of the sort necessary to confer subject matter jurisdiction . . . where it merely anticipates a federal question defense which the defendant might raise . . . ."). So [the plaintiff's] request for declaratory judgment does not establish federal-question jurisdiction.

Patel v. Hamilton Med. Ctr., Inc., 967 F.3d 1190, 1194 (11th Cir. 2020).

In light of the foregoing, the Court **DIRECTS** Plaintiff to file a memorandum within **fourteen (14) days of the date of this Order**, explaining whether the Court has jurisdiction over its Complaint.  Plaintiff should cite to specific statutes and binding precedent.  Should Plaintiff seek to amend its Complaint to sufficiently allege jurisdiction, it must file its amended complaint

contemporaneously with its brief.  Should Plaintiff not adequately explain how this Court has jurisdiction over its claims, the Court will dismiss this action.

**SO ORDERED**, this 30th day of January, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA