IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

EXETER FINANCE, INC.,

    Plaintiff,

v.

SHAMAL A. CREIGHTON,

    Defendant.

CIVIL ACTION NO.: 4:22-cv-285

**O R D E R**

This matter comes before the Court on Exeter Finance, Inc.'s Motion for Default Judgment. (Doc. 15.) For the reasons below, the Court **GRANTS** Plaintiff's Motion.

Federal Rule of Civil Procedure 55 establishes a two-step procedure for a party to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after receiving the clerk's default, the Court can enter a default judgment provided the defendant is not an infant or incompetent. Fed. R. Civ. P. 55(b)(2). Yet the clerk's entry of default does not automatically warrant entry of default judgment. "[T]hree distinct matters emerge as essential in considering any default judgment: (1) jurisdiction; (2) liability; and (3) damages. Before the Court can grant plaintiff's motion for default judgment, all three must be established." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004). Thus, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action

and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007); see also Eagle Hosp. Physicians v. SRG Consulting, 561 F.3d 1298, 1307 (11th Cir. 2009). In assessing liability, the Court must employ the same standard as when addressing a Rule 12(b)(6) motion to dismiss for failure to state a claim. Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) ("Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim.").

This matter has been the subject of considerable briefing by Plaintiff at the request of the Court. The Court need not rehash that briefing here. After review of the pleadings, the Court finds that Plaintiff has shown that its claims fall within this Court's subject matter jurisdiction and that its claims remain ripe for adjudication. Further, Defendant Shamal A. Creighton is subject to the Court's personal jurisdiction, has been properly served with the Complaint, and has failed to answer or otherwise respond. Additionally, the Complaint sufficiently establishes that Defendant is entitled to the declaratory relief sought by its Complaint.

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion and enters a default judgment against Defendant. The Court declares that Exeter Finance may sell the vehicle that is the subject of Plaintiff's Complaint (the 2013 Honda Civic with vehicle identification number ending in 4665) in accordance with the Retail Installment Services Contract attached to Plaintiff's Complaint, (doc. 1-1). Exeter's sale of the vehicle does not violate Defendant's rights under the Servicemembers Civil Relief Act.

The Court **DIRECTS** the Clerk of Court to enter judgment for Plaintiff and to **CLOSE** this case.

**SO ORDERED**, this 6th day of February, 2024.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA